IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JEFFREY W. ENGLE, #2070022 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:18cv487 |
| | § | |
| DIRECTOR, TDCJ-CID | § | |

**ORDER OF DISMISSAL**

Petitioner Jeffrey W. Engle, an inmate confined in the Texas prison system, proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to United States Magistrate Judge Kimberly C. Priest Johnson, who issued a Report and Recommendation concluding that it should be denied because it is time-barred by the one year statute of limitations. 28 U.S.C. § 2244(d)(1). Petitioner has filed objections.

Petitioner is challenging his Denton County conviction for assault family violence enhanced. On May 16, 2016, after a plea of guilty, he was sentenced to eight years of imprisonment. In conjunction with his guilty plea, he signed plea papers including a waiver of appeal. The trial court certified that he had no right to appeal. *See* Tex. R. App. P. 25.2(a)(2).

Despite waiving his appeal, Petitioner filed a *pro se* notice of appeal, which was untimely, on August 17, 2016. The Second Court of Appeals noted the trial court's certification that Petitioner had no right to appeal and dismissed the appeal for want of jurisdiction. *Engle v. State*, No. 02-16-00321-CR (Tex. App. - Ft. Worth Sept. 22, 2016). Petitioner submitted a petition for discretionary review. On January 18, 2017, the Texas Court of Criminal Appeals sent a letter to Petitioner notifying him that the petition was not filed in a timely manner and no action would be taken on the petition.

1

Petitioner filed a post-conviction application for a writ of habeas corpus on August 27, 2017. The Texas Court of Criminal Appeals denied the application without written order on findings of the trial court without a hearing on April 11, 2018. The present petition was filed on July 4, 2018.

Petitioner was sentenced on May 16, 2016. He did not timely file a notice of appeal; thus, the conviction became final thirty days later. *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003); *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000). The conviction became final on June 15, 2016. The present petition was due no later than June 15, 2017, in the absence of tolling provisions. It was not filed until July 4, 2018. The statutory tolling provisions specify that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2). Petitioner did not file his state application for a writ of habeas corpus until August 27, 2017. By then, the present petition was already time-barred. The pendency of the state application did not effectively toll the statute of limitations. Petitioner has not shown that his petition is saved by any other statutory tolling provision or equitable tolling provision; thus, the petition is time-barred.

In his objections, Petitioner mentions dates that are irrelevant to the resolution of the issue of whether the petition is time-barred. For example, he focuses on the date the mandate was issued by the Second Court of Appeals. The Fifth Circuit has held that "the issuance of the mandate by the state court of appeals is of no consequence for the purposes of § 2244(d)(1)(A)." *Roberts v. Cockrell*, 319 F.3d 690, 695 (5th Cir. 2003). He discusses issues surrounding the waiver of his appeal, but the dispositive factor is that his conviction became final when the time for seeking further review expired on June 15, 2016. *Id.* at 694-95. The present petition was due no later than June 15, 2017,

but it was not filed until July 4, 2018. Petitioner has not shown that the petition is saved by statutory or equitable tolling; thus, it is time-barred.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Petitioner to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Petitioner's objections are without merit. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice as time-barred. A certificate of appealability is **DENIED**. All motions not previously ruled on are hereby **DENIED**.

**SIGNED this 12th day of January, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE